IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:05CR3125 |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THOMAS K. GOLDEN, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before me is a report and recommendation from Judge Piester suggesting that the defendant's motion to dismiss be denied. Except as noted below, and after de novo review, I shall adopt the report and recommendation and deny the motion to dismiss based upon Judge Piester's decision.

I cannot adopt the report and recommendation as it regards the question of whether the prior state court conviction is legally sufficient to serve as a predicate offense for the firearms violation at issue in this case. In particular, the court will need to determine pursuant to 18 U.S.C. § 921(a)(33)(A) whether the state court records show a conviction involving "use or attempted use of physical force" or, in the alternative, "the threatened use of a deadly weapon."

Boiled down to its essence, I must hold an evidentiary hearing to review the state court record and the related state law. The following principles apply:

> *Point 1:* It is proper to resolve the legal sufficiency of the state court record before trial. See, e.g., United States v. Larson, 13 Fed. Appx. 439 (8th Cir. 2001) (applying 18 U.S.C. § 921(a)(33)(A) to a guilty plea and affirming the district court's pretrial decision that the state court record was legally insufficient).

*Point 2:* In order to prove the defendant guilty of unlawfully possessing a weapon, the government must prove that the defendant was previously found guilty of a "misdemeanor crime of domestic violence." In part, and as required by the literal terms of 18 U.S.C. § 921(a)(33)(A), the government must prove that the prior crime involved the "use or attempted use of physical force" or, in the alternative, "the threatened use of a deadly weapon." Id. See, e.g., United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999) (applying 18 U.S.C. § 921(a)(33)(A); under an assault statute that included alternative sections criminalizing physical assaults and also threats, where the record showed that the defendant was charged with, and entered a guilty plea to, choking the victim and pushing her down, the requisite predicate offense was established).[1]

*Point 3:* If the government can only prove that the defendant was found guilty of conduct that does not fall within section 922(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution. Id. For example, if the prior conviction involved only a threat, without a deadly weapon, then that conviction is insufficient to trigger the federal weapons ban.

---

[1]In order to avoid confusion, I stress that the issue of physical force or threatened use of deadly force is different from the corollary issue of whether the defendant and the victim were in a domestic relationship. While the government must prove at a federal trial that the predicate offense involved a victim who was in a domestic relationship with the defendant, the government need not prove that the predicate conviction actually addressed that question. In other words, the relationship may be proven separately from, and subsequent to, the underlying conviction. Id.

*Point 4:*   In order to prove the foregoing element (use or attempted use of physical force or threatened use of a deadly weapon), the government can only rely upon the official court record. That is, the government can only rely upon such things as the charging document, transcript, jury instructions, judgment and other similar documents. See, e.g., United States v. Brun, 2004 WL 234401at * 2-3 (D. Minn. 2004)(when evaluating proof of "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A), court was limited to state court records including complaint, minutes, and transcript of plea taking proceeding). See also United States v. Shepard, 125 S. Ct. 1254, 1263 (2005) (for purposes of the Armed Career Criminal Act, predicate conviction involving plea of guilty must be proven by such things as charging documents, terms of plea agreement, or transcript of guilty plea proceedings, as opposed to police reports).

Accordingly,

IT IS ORDERED that:

1. Except as noted below, the report and recommendation (filing 19) is adopted, the objections thereto (filing 20) are denied, and the motion to dismiss (filing 12) is denied.

2. The report and recommendation (filing 19) is rejected regarding whether the state court records are sufficient to show a conviction involving "use or attempted use of physical force" or, in the alternative, "the threatened use of a deadly weapon." To that extent, the defendant's objection (filing 20) is sustained.

3. The motion to dismiss (filing 12), as it relates to the issue described in paragraph 2, will be construed as a motion in limine. As such, it will be resolved at an evidentiary hearing to be held before the undersigned.

4. The evidentiary hearing described in paragraph 3 is scheduled on Thursday, March 9, 2006, from 2:30-3:30 p.m. The defendant shall be present at the evidentiary hearing.

February 24, 2006.                    BY THE COURT:

                                      *s/Richard G. Kopf*
                                      United States District Judge