IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )  | |
| ) | Case No. 4:05CR3125 |
| Plaintiff,    ) | |
| ) | |
| vs    ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| THOMAS K. GOLDEN,    ) | |
| ) | |
| Defendant.    ) | |

Following an evidentiary hearing on Thomas K. Golden's motions in limine (filing 12 (motion to dismiss, construed as a motion in limine); filing 23 (motion in limine)), I find and conclude that the government cannot prove that Golden was previously found guilty of the required predicate offenses, "misdemeanor crimes of domestic violence." While Golden was convicted of misdemeanor crimes that may have qualified, it is also plausible that the defendant was convicted of misdemeanor crimes that did not qualify. I, therefore, grant Golden's motions in limine and exclude the proffered state court records (Government's Exhibit 2 and 3) from presentation as evidence at the time of trial. I next briefly explain the reasons for my decision.

## *I. BACKGROUND*

The defendant is charged with "having been convicted on or about October 24, 1997, in the County Court of Lancaster County, Nebraska, of misdemeanor crimes of domestic violence" and, thereafter, on August 1, 2005, unlawfully possessing firearms

in violation of 18 U.S.C. §§ 922(g)(9)[1] and 924(a)(2).[2]  (Filing 1.)  The indictment charges that Golden had been convicted of violations of Neb. Rev. Stat. § 42-924 (pertaining to violations of protection orders) and Neb. Rev. Stat. § 28-310 (causing bodily injury to another or threatening another in a menacing manner). (Filing 1.)

The record shows that the defendant was charged with violating a protection order and causing bodily injury to his wife Connie Golden *or* threatening his wife Connie Golden.  (Government's Ex. 2 at pages 3 and 4.)  There was a non-jury trial at which Connie Golden, the defendant and others testified.  (Government's Ex. 3 (transcript).)  The record also reflects that the defendant was found guilty of both charges. (Government's Ex. 2 at 8 (handwritten journal entry by judge dated October 24, 1997).

The parties have stipulated that Golden made no admissions "that he used or attempted to use force against his ex-wife."  (Government's Ex. 1.)  They have also stipulated that the state court records contain "no factual findings from the County Court Judge regarding her verdict . . . ."  (Government's Ex. 1.)  My independent

---

[1] Among other things, this section prohibits people who have been convicted of "a misdemeanor crime of domestic violence" from possessing firearms that have moved in interstate commerce.  In the indictment, there is an obvious scrivener's error.  That is, the indictment incorrectly alleges a violation of 18 U.S.C.§ 922(g)(91).  This error is not material, and the defendant does not contend otherwise.  To make matters more confusing, the government later amended the indictment by leave of Judge Piester (filing 11) to allege a violation of 18 U.S.C. § 922(g)(1) but without retracting the allegation that the predicate crimes were "misdemeanor crimes of domestic violence."  Since 922(g)(1) relates to felonies, I presume this amendment of the citation to the statute was in error as well.  During the arguments on the motions in limine, the government never suggested to me that Section 922(g)(1) applies.  On the contrary, and as further evidenced by a brief to Judge Piester on this matter, even after the amendment was made, the government has always relied upon 18 U.S.C. § 922(g)(9). (Filing 17.)

[2] This section provides the penalty, including ten years in prison.

review of the evidence confirms the accuracy of the stipulation. Accordingly, I approve it as a matter of fact.

## II. ANALYSIS

In cases like this, it is proper to resolve the legal sufficiency of the state court record before trial. See, e.g., United States v. Larson, 13 Fed. Appx. 439, 440 (8th Cir. 2001) (applying 18 U.S.C. § 921(a)(33)(A) (defining "misdemeanor crime of domestic violence") to the record of a state court guilty plea and affirming the district court's pretrial decision that the state court record was legally insufficient). I proceed to do so.

### A. The Law

In order to prove the defendant guilty of unlawfully possessing a weapon, the government must prove that the defendant was previously found guilty of a "misdemeanor crime of domestic violence." In part, and as required by the literal terms of 18 U.S.C. § 921(a)(33)(A), the government must prove that the prior crime involved the "use or attempted use of physical force" or, in the alternative, "the threatened use of a deadly weapon." Id. See, e.g., United States v. Smith, 171 F.3d 617, 620 (8th Cir. 1999) (applying 18 U.S.C. § 921(a)(33)(A); under an assault statute that included alternative sections criminalizing physical assaults and also threats, where the record showed that the defendant was charged with, and entered a guilty plea to, choking the victim and pushing her down, the requisite predicate offense was established).[3]

---

[3]To avoid confusion, I stress that the issue of physical force or threatened use of deadly force is different from the corollary issue of whether the defendant and the victim were in a domestic relationship. While the government must prove at a federal trial that the predicate offense involved a victim who was in a domestic relationship with the defendant, the government need not prove that the predicate conviction actually addressed that question. In other words, the relationship may be proven

If the government can only prove that the defendant was found guilty of conduct that does not fall within section 921(a)(33)(A), then the prior offense cannot serve as a predicate offense for the federal prosecution. Id. For example, if the prior conviction involved only a threat, without a deadly weapon, then that conviction is insufficient to trigger the federal weapons ban.

To prove the foregoing element (use or attempted use of physical force or threatened use of a deadly weapon), the government can only rely upon the official court record. That is, the government can only rely upon such things as the charging document, transcript, judgment and other similar documents. See, e.g., United States v. Brun, 2004 WL 234401 at *2-3 (D. Minn. 2004) (when evaluating proof of "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33)(A), the court was limited to state court records including complaint, minutes, and transcript of plea taking proceeding). See also United States v. Shepard, 544 U.S. 13 (2005) (for purposes of the Armed Career Criminal Act, predicate conviction involving a plea of guilty must be proven by such things as charging documents, terms of plea agreement, or transcript of guilty plea proceedings, as opposed to police reports).

### *B. The Law Applied*

To prove Golden guilty of the crime of violating a protective order, the State of Nebraska was not required to prove as an element that Golden used or attempted to use physical force or threatened use of a deadly weapon. Neb. Rev. Stat. § 42-924. While proof of use or attempted use of physical force or threatened use of a deadly weapon would be sufficient to prove a violation of the protective order statute, such proof is not a requirement.

The same is true of violations Neb. Rev. Stat. § 28-310. That statute criminalizes behavior that "intentionally, knowingly, or recklessly causes bodily

---

separately from, and subsequent to, the underlying conviction. Id.

injury to another" and, in the alternative, behavior that "[t]hreatens another in a menacing manner." Neb. Rev. Stat. Ann. § 28-310(1)(a),(b) (LexisNexis 2003).

Here the record is completely silent about what conduct the judge thought triggered the convictions. Moreover, I have reviewed the trial transcript. It is plausible that the judge found that the defendant used physical force on his wife when she came to his home to pick up their children and while denying her access to them. It is also plausible that the judge found the defendant guilty because he used belligerent and abusive language when she came to pick up the children and while denying her access to them, but that the defendant did not use or attempt to use physical force.

So as not to be misunderstood, there is no doubt that a physical confrontation occurred between Connie Golden and Thomas Golden. The question is who used physical force.[4] One plausible view of the evidence is that after screaming at Connie Golden and while advancing toward her, but without touching her, Golden was kicked in the testicles by wife and then she fled.[5] The other plausible view is that Golden screamed at his wife while grabbing her and she then retaliated with a kick to the groin before she fled. It is not possible to determine which version of these events the judge believed.

The first version could have reasonably been relied upon by the judge to find the defendant guilty. That is, the judge could have believed that Golden orally threatened his wife while denying her access to the children thus violating both the protective order statute and the statute that prohibited menacing threats, *but* the judge

---

[4]The charging documents indicate that there was an "assault" by "mutual consent." (Government's Ex. 2 at page 4.) See Neb. Rev. Stat. § 28-310(2).

[5]This version of the events was corroborated in important respects by the testimony of one of the children who was called as a defense witness. (Ex. 3, Transcript at page 122-123; 125-127.)

could also have believed that Golden did not use or attempt to use physical force.[6]  If that is the case, the defendant cannot be guilty of the predicate offenses.  Since no one can know what version of the events the state court judge accepted, the government's evidence has no probative value.  Accordingly,

IT IS ORDERED that:

1.  The defendant's motions in limine (filing 12 (motion to dismiss, construed as a motion in limine); filing 23 (motion in limine)) are granted as provided herein.  The government may not use Government's Exhibit 2 or 3 or the convictions described by those exhibits to prove the predicate offenses alleged in the indictment.

2.  If the government desires to take an interlocutory appeal from this decision pursuant to 18 U.S.C. § 3731, it shall do so within the time provided by that statute.

3.  Unless the government has taken an interlocutory appeal, it shall move to dismiss this case or show cause why it refuses to do so no later than May 1, 2006.

4.  This case is removed from the trial calendar.

5.  The time between today's date and May 1, 2006 is excluded in the interests of justice for computation purposes under the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(A)&(B).

---

[6]There was never a claim that the defendant threatened the use of a deadly weapon.

March 14, 2006.                    BY THE COURT:

                                                      *s/Richard G. Kopf*
                                                     United States District Judge